## JOHN JACOBS v. THE STATE.

### No. 4448. Decided January 20, 1909.

**1.—Obstructing Public Road—Charge of Court—Practice in County Court.**

It is always safer to give the usual instructions to the jury that they are the judges of the credibility of the witnesses and the weight to be given to the testimony, and not undertake to elaborate further on these matters.

**2.—Same—Charge of Court—Reasonable Doubt.**

Where upon trial for willfully obstructing a public road, the court in his charge placed an unnecessary and improper burden on defendant with reference to the location of defendant's fence in relation to the public road, the same was reversible error.

**3.—Same—Willful Obstruction.**

See Opinion expressing doubt whether the obstruction was wilful and within the public road.

Appeal from the County Court of Franklin. Tried below before the Hon. D. H. Miller.

Appeal from a conviction of wilfully obstructing a public road; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment with wilfully, knowingly and unlawfully obstructing a public road. On trial he was convicted.

There are a number of questions raised on the appeal and urged as grounds for reversal. We think there is no doubt that the case must be reversed.

Among other things, the court charged the jury, as follows: "There is some testimony as to the location of defendant's fence, which is claimed by the State to be the obstruction in said road. On this point the testimony is conflicting. The rule of law in this State does not require you to harmonize any conflicts in the evidence, but you are free to believe whom you will of the witnesses." It is urged that the vice in this charge is, that it is on the weight of the testimony, and is a comment on the evidence; that same does not state a correct rule of law, for the law does require the jury to harmonize the testimony when same can be done. This charge was, we think, not required to be given, and the only effect of it would be to possibly mislead the jury and such a charge is not demanded and should not be given. Whether the case should be reversed for the giving of such a charge, we need not necessarily determine; but as the case is to be tried again, we suggest that it is safer to give the usual instructions to the jury that they are the judges of the

credibility of the witnesses and the weight to be given the testimony and not undertake to elaborate further on these matters.

Again, the court charged the jury as follows "If you believe from a reasonable doubt that the defendant's fence is on his own land and more than fifteen feet from the middle of said Barr Bridge and Winsboro Road, you will find the defendant not guilty and so say by your verdict not guilty." It is urged that this charge is erroneous: First, because it places the reasonable doubt against the defendant and requires the jury to believe beyond a reasonable doubt that said fence is more than fifteen feet back on appellant's land, before they could acquit him, when the law requires the jury to believe beyond a reasonable doubt that the fence is in the road before they can convict. Again, that under the proof the appellant was entitled to have his fence within fifteen feet of his north boundary line; and the charge required the jury to believe beyond a reasonable doubt that the appellant's fence was more than fifteen feet on his land. And again, it is urged that the charge is erroneous, in that, it is not in accord with appellant's defense in the case; that he did not claim that his fence was fifteen feet from the middle of the road, but that it was fifteen feet south of the north boundary line between himself and one Rhodes. We think that these criticisms of the charge are correct, and that it is placing an unnecessary and an improper burden on appellant in all the respects claimed, and that it must be held both hurtful and reversible.

3. We can not forbear remarking that we have been strongly impressed and are of the belief that the conviction in this case is against the truth, and that the obstruction was not wilful, and that it is exceedingly doubtful whether the fence in question was at any point within the public road. We are not prepared to say, in view of the findings of the jury, that we would reverse the case on this point, and yet, we should hesitate long before, in the light of this testimony, permitting the verdict to stand.

For the errors above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*